IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
C.A. No. _____

| | |
|---|---|
| ADAM B. ALLEN,                              )<br>                                                           )<br>                            Plaintiff,       )<br>        vs.                                           )<br>                                                           )<br>ACS TECHNOLOGIES GROUP, INC.,  )<br>                                                           )<br>                            Defendant.    )<br>_____ ) | **COMPLAINT**<br><br>Jury Trial Demanded |

### NATURE OF ACTION

This is an action under the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff Adam B. Allen, who was adversely affected by such practices. Defendant ACS Technologies Group, Inc. disregarded Plaintiff's request for accommodation, improperly perceived Plaintiff as unfit to perform job duties and terminated Plaintiff on the basis of his disability, in violation of the ADA.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

1

ADA, 42 U.S.C.§ 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Florence Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Florence Division.

**PARTIES**

3. Plaintiff, Adam B. Allen, is a resident of Florence, South Carolina.

4. At all relevant times, Defendant, a corporation formed in South Carolina, has continuously been doing business in the State of South Carolina and the City of Florence, at 180 North Dunbarton Drive, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. Plaintiff filed a Charge of Discrimination against Defendant on June 30, 2017, alleging violations of the ADA that occurred from May 2, 2016 to August 31, 2016. EEOC issues a Notice of Right to Sue on December 11, 2017.

8. As more fully described below, from on or about May 2, 2016 to August 31, 2016, Defendant engaged in unlawful employment practices in Florence, South Carolina, in violation of the ADA, 42 U.S.C. § 12112 by failing to accommodate Plaintiff with his restrictions; by perceiving Plaintiff as disabled and unfit to work; by requiring Plaintiff to be able to work without restriction before he could return; by forcing Plaintiff to remain on leave; and by terminating Plaintiff while on leave.

9. Plaintiff had back surgery in May 2016, that left him temporarily disabled from working during recovery; Plaintiff needed rehabilitation and some restrictions from working while going through physical therapy.

10. At all relevant times, Plaintiff was qualified to perform the essential functions of his job as an Endpoint Specialist within the IT Department. He had been successfully performing his job since 2012, despite past medical issues and could perform the majority of his job in 2016, with accommodation.

11. After Plaintiff had completed back surgery and begun rehabilitation, Plaintiff requested from Defendant that he be allowed to return to work with accommodations that were only expected to last during the duration of physical therapy.

12. Defendant refused to allow Plaintiff to return to work, perceiving Plaintiff as disabled, and required Plaintiff only return to work when he had no restrictions.

13. Plaintiff was forced back on leave although released by a doctor to return to work with restrictions.

14. Plaintiff was told that he was being terminated on August 31, 2016 because he could not perform his job duties.

15. Defendant violated the ADA by failing to accommodate Plaintiff and by placing Plaintiff on forced continued medical leave and ultimately discharging him because of his disability when Plaintiff was fully capable of safely and successfully performing the majority of his job duties at the time he was told to continue his leave after doctor's release and then was discharged.

16. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

17. Plaintiff suffered financial harm, emotional distress, unemployment and damage to reputation.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

       discriminating on the basis of disability and from subjecting individuals to improper medical inquiries in violation of the ADA.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D.    Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F.    Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Plaintiff attorney fees and costs of this action.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

WUKELA LAW FIRM

By:     s/ Pheobe A. Clark
**PHEOBE A. CLARK**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
T: (843) 669-5634
F: (843) 669-5150

March 7, 2018.