IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Adam B. Allen, | C/A No. 4:18-cv-631-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| ACS Technologies Group, Inc., | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. ECF No. 23. Plaintiff filed a Response, and Defendant filed a Reply. ECF Nos. 26, 32. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On May 6, 2019, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 40. Plaintiff and Defendant filed Objections to the Report, ECF Nos. 41, 42, and Defendant filed a Reply to Plaintiff's Objections. ECF No. 44. The Court heard oral argument on the Motion on August 23, 2019. ECF No. 48. Therefore, the Motion is ripe for review.

## LEGAL STANDARDS

I. **Magistrate Judge Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

II. **Summary Judgment**

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. To that end, "Rule 56 states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised,

the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

3

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## BACKGROUND

Plaintiff filed a Complaint alleging that Defendant violated the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff alleges he had back surgery in May 2016, which left him temporarily disabled from working as an Endpoint Specialist within Defendant's IT Department. ECF No. 1 at 3. Plaintiff further alleges that he "requested from Defendant that he be allowed to return to work with accommodations that were only expected to last during the duration of physical therapy." *Id.* According to Plaintiff, Defendant did not accommodate these restrictions. Therefore, Plaintiff claims that Defendant failed to accommodate Plaintiff's work restrictions, perceived Plaintiff as disabled and unfit to work, required Plaintiff to be able to work without restriction before he could return, forced Plaintiff to remain on leave, and terminated Plaintiff while on leave. *Id.* These allegations, while not specifically labeled as such, amount to ADA discrimination and failure to accommodate claims. The Magistrate Judge provides a thorough recitation of the facts of this case and the relevant legal standards in employment cases in her Report, which the Court incorporates by reference.

In the Report, the Magistrate Judge recommends granting Defendant's Motion. Despite the Magistrate Judge's recommendation, Defendant filed an Objection claiming that the Magistrate Judge erroneously concluded that Plaintiff's Charge of Discrimination was timely filed. ECF No. 41. Plaintiff filed an Objection contending the Magistrate Judge

erroneously concluded that Plaintiff was not a "qualified individual with a disability." ECF No. 42. Defendant filed a Reply to this Objection. ECF No. 44.

## DISCUSSION

### I. Defendant's Objection: Timeliness of Charge of Discrimination

Defendant contends the Magistrate Judge erroneously recommended finding Plaintiff's Charge of Discrimination was timely filed. ECF No. 41. As the Report notes, "[t]he parties agree the 300-day limitations period applies." ECF No. 40 at 14. Thus, a Plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly unlawful employment practice in order for the Plaintiff to appropriately exhaust his administrative remedies. "[T]he proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 398 (2008) (citation omitted).

Here, Plaintiff did not submit his signed and verified Form 5 Charge until more than 300 days after his termination. Nonetheless, Plaintiff did submit an Intake Questionnaire within the prescribed time period. The Report discusses, in detail, the law applicable to determining whether an Intake Questionnaire can constitute a formal Charge and acknowledges that this case presents a close question. On balance, the Report recommends finding that the Intake Questionnaire satisfies the exhaustion requirement in this case. The Court has reviewed Defendant's objections, and, while it agrees that this case presents a close question, ultimately agrees with the Magistrate Judge's finding

of timeliness under the unique circumstances presented in this case.[1] As the Supreme Court noted in *Holowecki*, "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 406.

## II. Plaintiff's Objection: Qualified Individual with a Disability

Turning to the merits of Plaintiff's claims, Plaintiff contends the Magistrate Judge erred in recommending summary judgment be entered for Defendant. As the Report notes, "[a]s an element of his prima facie case for both of his ADA-based claims—discrimination and failure to accommodate—Plaintiff must establish that he is a 'qualified person with a disability.'" ECF No. 40 at 23. Under the ADA:

> The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

42 U.S.C. § 12111(8).

Defendant contends that Plaintiff's representations on his application for Long Term Disability ("LTD") benefits negates his ability to establish this essential element of his ADA claims. The Magistrate Judge noted that "[c]ourts have found representations of disability in applications for long-term disability benefits may also be inconsistent with the ADA 'qualified individual' requirement and support summary judgment in the employer's favor." ECF No. 40 at 25 (citation omitted). Here, the dispute arises because, on August

---

[1] This should not be construed as a blanket holding that an Intake Questionnaire constitutes a formal Charge.

18, 2016, Plaintiff completed and signed a LTD application, which noted that he had been "unable to work because of disability since May 25, 2016." ECF No. 23-4 at 16. Attached to the application was a blanket statement from Plaintiff's treating spine surgeon simply stating, "Patient cannot work." ECF No. 23-5 at 11.

Plaintiff attempts to explain this inconsistency by referencing a later note from his treating spine surgeon indicating that he could return to work on September 6, 2016. Plaintiff further "argues Defendant did not consider accommodations because of what he perceives as Defendant's 'no restrictions' rule on returning to work." ECF No. 40 at 27. This purported "no restrictions" rule comes from the Affidavit of Cary Ashworth—Defendant's Senior Director of Human Resources—which states: "Once an employee's [Family Medical Leave Act ("FMLA")] leave expires, in order to be eligible to be restored to that employee's same or similar position, the employee must be able to return to employment without any restrictions." ECF No. 23-2 at 3–4. Plaintiff claims this language constitutes a per se violation of the ADA. Not so. This statement relates to the rights of an employee at the end of an employee's FMLA leave. The Court agrees with the Report that, "[n]othing in Ashworth's affidavit or testimony allows for any inference that Defendant had a 'per se no restrictions' rule as to the ADA." ECF No. 40 at 27 n.8.

More to the point, as the Report notes, "Plaintiff has presented no evidence attempting to reconcile his LTD application with his ADA claim." ECF No. 40 at 29. Nothing in the LTD form takes into account "whether Plaintiff might be able to work with or without accommodations." *Id.* Accordingly, the Court agrees with the Magistrate Judge's recommendation "that Plaintiff has not offered a sufficient explanation between his claim of total disability to the LTD carrier on August 18 and his claim now that he was

7

a 'qualified individual' who could perform the essential functions of his position with or without accommodations as of the date of his termination." *Id.*

In reaching this conclusion, the Court is aware that the intersection of legal requirements for often concurrent claims for workers' compensation, FMLA, short term disability, LTD, social security disability, and ADA discrimination/ADA reasonable accommodation can be challenging for a plaintiff to navigate. Nevertheless, the law places upon the plaintiff in every case the burden of proof as to the essential elements of the claim, a burden that this Plaintiff has failed to carry. Accordingly, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein by reference.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Report, and Defendant's Motion for Summary Judgment [23] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 24, 2019
Spartanburg, South Carolina